UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David & Kay Sieverding, | Civil No.04-4317 JRT/FLN |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Faegre & Benson, LLC, Steamboat Pilot/Today, et al., | |
| Defendants. | |

David & Kay Sieverding, (pro se), for Plaintiffs.
Patricia Sprain, Esq., for Defendants.

   **THIS MATTER** came before the undersigned United States Magistrate Judge on November 19, 2004, on Defendants' Request for Dismissal.  On October 27, 2004, Defendants sent this Court a letter requesting that the Court *sua sponte* dismiss this case because its filing violated an Order from the U.S. District Court in the District of Colorado.  The Court scheduled a hearing on the Defendants' request.  Plaintiffs and counsel for Defendants were present at the November 19, 2004 hearing.  Since filing their complaint, Plaintiffs have filed 18 motions. See [#s 13-14, 19-26, and 28-35].  After Plaintiffs filed their first two motions on November 8, 2004, Defendants made a motion to stay briefing on any motion filed by Plaintiffs, and further sought an order precluding Plaintiffs from making any further motions until after the Court decided whether to *sua sponte* dismiss the complaint.  Thereafter, Plaintiffs filed an additional sixteen motions.  For the reasons which follow, this Court recommends that Plaintiffs' Complaint be *sua sponte* dismissed, without prejudice, and without the necessity of Defendants to file a responsive pleading.  Accordingly, Plaintiffs' multiple motions and Defendants' motion to stay briefing should be Denied as Moot.

## I. BACKGROUND

**District of Colorado Action**

In 2002, Plaintiffs, David and Kay Sieverding, filed a Complaint against numerous Defendants including the Colorado Bar Association, Plaintiffs' old neighbors, and Steamboat Pilot & Today Newspaper, (Worldwest LLC). (See Complaint, case no. 02-1950). The Complaint was later amended in April 2003. (See First Amended Complaint, case no. 02-1950 ("Colorado Complaint")). The Colorado Complaint arose from land disputes between Plaintiffs and their then neighbors. The dispute resulted in a hearing during which a restraining order was issued against Plaintiff Kay Sieverding, as well as criminal prosecution against her for "unlawful tree trimming" and harassment. In the Colorado Complaint, Plaintiff made hundreds of claims against multiple Defendants. The District Court found the 40 page amended Complaint to violate the provisions of Rule 8(a) and characterized the claims as "prolix, unorganized, incomprehensible, and (to the extent that the court can discern any thread in the argument) legally twisted." In particular, Plaintiffs included claims for injunctive relief against the judge that issued the restraining order against Ms. Sieverding. The restraining order itself was a primary focus of the Colorado Complaint. Plaintiffs sued WorldWest LLC, doing business as the newspapers "The Steamboat Pilot & Today" and "Steamboat Today" for defamation regarding an article that was printed on March 31, 2001, which included information on the criminal charges and restraining order against Plaintiff.

On March 19, 2004, District Court Judge Edward W. Nottingham of the U.S. District Court for the District of Colorado, issued an Order which Dismissed Plaintiffs' claims in the Colorado Complaint in their entirety with prejudice and prohibited any further filing of *pro se* litigation by these Plaintiffs concerning the transactions in that case: "Plaintiffs are hereby enjoined and prohibited from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel." (Order by District Judge Edward W.

2

Nottingham, of the U.S. District Court for the District of Colorado, March 19, 2004, case no. 02-1950 ("March 19, 2004 Order")).  Plaintiffs' appeal of the District of Colorado's decision is still pending.

**District of Minnesota Action**

On October 4, 2004, Plaintiffs filed their current claims against Defendants in the District of Minnesota, without any representation by counsel.  (See, Complaint, case no. 04-4317 [#1]).  Defendants in this case include Steamboat Pilot/Today Newspaper/Internet Publication, WorldWest LLC, Ralph Gage, or other owner of Steamboat Pilot/Today, and their lawyers Faegre and Benson, LLC.  Plaintiffs filed this case in Minnesota District Court after the newspaper Steamboat Pilot & Today republished an article from September 7, 2000, concerning the hearing for the restraining order held on September 6, 2000.  Both the hearing and the article were directly addressed in the Complaint for the Colorado action, and part of the relief sought in that action was that the restraining order be lifted.  (First Amended Complaint, case no. 02-1950, ¶¶ 250-66, 274-78, 298, and Request for Relief, at p. 40).  The Minnesota Complaint also contains direct quotes from the Colorado Complaint.  (Complaint, case no. 04-4317, at ¶¶ 38-80, 87-111). The Minnesota Complaint also makes reference to the procedural history of the Colorado case. (Id., at ¶¶ 24-25, 27-28, 146-149).

In a letter to the Court dated October 27, 2004, Defendants argue that the Minnesota Complaint is based on the same series of transactions addressed in the Colorado Complaint to which the March 19, 2004 Order applies.  As a result, Defendants contend that the *pro se* filing of the Minnesota Complaint is a direct violation of the Colorado Court's March 19, 2004 Order, and request the Court to Dismiss it *sua sponte*.  Plaintiffs filed an objection to Defendants' letter request [#3] on October 29, 2004, and the hearing was held on November 19, 2004 [#27].  Plaintiffs contend that the suits are materially different because the Minnesota Complaint only involves publications since the notice of appeal in the Colorado case. (Complaint, case no. 04-4317, ¶ 26).  The Colorado

Complaint did not include claims for the September 7, 2000, article, as the Minnesota Complaint now specifically does. Furthermore, the article has been republished which represents a new harm. (Id.). Also on October 27, 2004, Defendants filed a Motion for an Entry of Order to Show Cause with the District of Colorado for why Plaintiffs should not be held in contempt of the Court's March 19, 2004, prohibition Order. That Motion has not yet been decided on.

## II. STANDARD OF REVIEW

A Court may dismiss a Complaint for failure to comply with various rules of the Federal Rules of Civil Procedure. Pro se litigants are not excused from compliance with substantive and procedural law. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). The decision to dismiss a Complaint for failure to comply with Rule 8 lies within the discretion of the trial court. Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992) (dismissal without prejudice); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988) (dismissal with prejudice after given chance to amend because complaint was still unreasonably verbose, confusing, and conclusory). A District Court also has the power to dismiss *sua sponte*, a Complaint for failure to comply with any order of court. See Fed.R.Civ.P. 41(b); In re Reid, 197 F.3d 318, 320 (8th Cir. 1999); Haley v. Kansas City Star, 761 F.2d 489, 490 (8th Cir. 1985); Burgs, 745 F.2d at 528. While Dismissals with prejudice are considered a drastic sanction, a Dismissal without prejudice mitigates against any harm to the parties as it allows litigants to remedy noted deficiencies. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995).

## III. LEGAL ANALYSIS

A. **Plaintiffs' Complaint Should be Dismissed Because it Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure.**

4

A claim for relief must contain a short and plain statement setting forth jurisdiction, the claim, and the relief the pleader is entitled to. Fed.R.Civ.P. 8(a). As a pleading, it must be "simple, concise, and direct." Fed.R.Civ.P. 8(e). The requirement of Rule 8 serves to give a defendant fair notice of a plaintiff's claims against them and the grounds upon which they lie. Conley v. Gibson, 355 U.S. 41, 47 (1957). The decision to dismiss a Complaint because it fails to comply with the requirements of Rule 8 is within the discretion of the trial court. Atkins, 967 F.2d at 1203; Mangan, 848 F.2d at 911. Plaintiffs' previous pleadings in the Colorado Action were dismissed, in part, because they failed to comply with Rule 8(a). (See March 19, 2004 Order, accepting and adopting the Report and Recommendation of Magistrate Judge Mason, U.S. District Court for the District of Colorado, October 10, 2003, case no. 02-1950). In that case, while the Plaintiffs reduced their initial pleadings from 106 pages to 40 pages, they were still characterized as being "verbose, prolix and virtually impossible to understand." Id.

The Complaint in this Minnesota Action is just as conclusory, verbose, and difficult to understand as the Complaint in the Colorado Action. It contains 78 pages and 304 paragraphs of fact. The Complaint contains one claims section for all of the Defendants and merely lists them: "Defamation per se; False Light Invasion of Privacy; Intentional Interference with Prospective Advantage; Malicious Defense/Interference with Right to Sue; Intentional Infliction of Emotional Distress; and, First amendment retaliation in conjunction with the City of Steamboat Springs, (a section 1983 claim)." The claims are listed without any reference to the factual bases relative to each claim, or their application to particular defendants. Each defendant has no way to know which claims are raised against them and, as such, the Complaint fails to give them notice of the claims against which they must defend. Accordingly, this Court recommends that Plaintiffs' Complaint in this action be dismissed without prejudice for a failure to comply with Rule 8 of the Federal Rules of Civil Procedure. If Plaintiffs retain counsel who files a new complaint that complies with Rule

5

8, the case can proceed.

**B.      Plaintiffs' Complaint Should be Dismissed Because it Violates an Express Order.**

The March 19, 2004, Order from District Court Judge Edward W. Nottingham of the U.S. District Court for the District of Colorado, dismissed Plaintiffs' claims in the Colorado Complaint and prohibited any further filing of *pro se* litigation by Plaintiffs concerning the transactions in that case: "Plaintiffs are hereby enjoined and prohibited from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel." (March 19, 2004 Order).

This Court finds that the matters raised in this case arise from the same subject and series of transactions described in the Colorado action. As the Defendants point out, the neighborhood dispute is the series of transactions at the base of the Colorado Action. It was those events that led to the September 6, 2000, hearing and the resulting September 7, 2000, article. Both the hearing and the article were directly addressed in the Colorado action and are now contained in of the Minnesota action. The Minnesota Complaint quotes verbatim from the Colorado Complaint and includes significant amounts of the procedural history of the Colorado action. Although the Minnesota Complaint may contain a new claim, the series of transactions upon which it is based are the same for the Minnesota Complaint as the Colorado Complaint.

As such, Plaintiffs' Minnesota action is barred because its filing is in violation of Judge Nottingham's Colorado Order. This Court recommends that Defendants' request be Granted and Plaintiffs' Complaint be dismissed without prejudice. See Fed.R.Civ.P. 41(b); In re Reid, 197 F.3d at 320; Haley, 761 F.2d at 490; Burgs, 745 F.2d at 528. If, however, Plaintiffs obtain counsel who files a complaint that complies with Rule 8, this matter may proceed.

**IV.   CONCLUSION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that:

1. Defendants' Request that Plaintiffs' Complaint be Dismissed be **GRANTED**. The dismissal should be without prejudice to Plaintiffs filing anew if they retain counsel, who files a complaint that complies with Rule 8.

2. Plaintiffs' multitude of Motions [#s 13-14, 19-26, and 28-35] should all be **DENIED as moot**; and Defendants' motion to stay briefing [#15] should likewise be **DENIED as moot.**

Dated: January 19, 2005          s/ *Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 7, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 7, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.