## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

DAVID and KAY SIEVERDING,              Civil No. 04-4317 (JRT/FLN)

                              Plaintiffs,

v.

FAEGRE & BENSON, LLP;                    **ORDER ADOPTING**
STEAMBOAT/PILOT/TODAY              **REPORT AND RECOMMENDATION**
NEWSPAPER/INTERNET                      **OF THE MAGISTRATE JUDGE**
PUBLICATION; WORLDWEST LLC;
and RALPH GAGE,

                              Defendants.

David and Kay Sieverding, 641 Basswood Avenue, Verona, WI 53593, plaintiffs *pro se*.

Eric E. Jorstad, John P. Borger, and Patricia R. Sprain, FAEGRE & BENSON LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402-3901, for defendants.

During the early nineties, while living in Steamboat Springs, Colorado, plaintiffs Kay and David Sieverding became involved in a dispute with their then neighbors, one of whom was the President of the City Council, over their neighbors' construction activities and perceived zoning law violations. Plaintiffs objected on numerous occasions to local authorities. The neighbors eventually sought and received a restraining order against Kay Sieverding. Additionally, Kay Sieverding was criminally charged with "unlawful tree trimming" and harassment of her neighbor. Following mediation, the charges were dropped and plaintiffs agreed to deed a portion of their property to the neighbors.

Plaintiffs believe that, at least in part because of the neighbor's City Council position, their neighbors were permitted to violate numerous zoning laws without consequence, while Kay Sieverding faced allegedly frivolous criminal charges and was forced to endure the imposition of an unwarranted restraining order.  Similarly, plaintiffs believe that the prosecutor refused to drop the criminal charges against Kay Sieverding and threatened her with a jail term, which forced plaintiffs into virtually giving away their land, at the behest of her former neighbors.  The dispute between plaintiffs (Kay Sieverding in particular) and the neighbors was reported in the local newspaper on several occasions.  Plaintiffs vehemently assert that the reporting was inaccurate and misleading and, therefore, defamatory.

In October 2002, plaintiffs brought suit in the United States District Court for the District of Colorado against their former neighbors and a number of other individuals seeking compensation for the damages they have suffered in connection with the dispute with their neighbors, the related legal proceedings, and the newspaper reports of the matter.  The original complaint was 106 pages long, with 780 numbered paragraphs. United States Magistrate Judge O. Edward Schlatter held a status conference, during which he discussed the deficiencies in their case with the plaintiffs, directed them to comply with the Rules of Civil Procedure, and ordered that the complaint not exceed 40 pages.  Plaintiffs then reduced the complaint to 40 pages and 353 numbered paragraphs, in part by shrinking the font and reducing the space between lines.  In a Report and Recommendation dated October 14, 2003, Magistrate Judge Schlatter recommended that plaintiffs' complaint be dismissed in its entirety both for procedural reasons, i.e. violation

of Federal Rule of Civil Procedure 8, and for substantive reasons, i.e. failure to state a claim, res judicata, immunity, and statute of limitations. *Sieverding v. Colo. Bar Ass'n*, 2003 WL 22400218 (D. Colo. Oct. 14, 2003).  The Magistrate Judge also recommended that plaintiffs be assessed attorney fees and costs as a sanction for filing, and persisting in the prosecution of, frivolous claims despite advice from the Court and opposing counsel of the consequences of doing so.  Finally, due to the extremely high volume of frivolous filings in the case and in several other cases brought by plaintiffs and arising from the same general set of events, the Magistrate Judge recommended that plaintiffs be enjoined from filing any other lawsuits that relate to any of the series of events that formed the basis and backdrop for the case, unless represented by counsel.

United States District Court Judge Edward W. Nottingham adopted the Report and Recommendation, and explicitly "enjoined and prohibited [plaintiffs] from commencing litigation in this or any other court based on the series of transactions described in this case, unless they are represented by counsel." *Sieverding v. Colo.*, No. 02-1950 (D. Colo. Mar. 19, 2004).  Plaintiffs appealed Judge Nottingham's decision to the Tenth Circuit Court of Appeals, which affirmed the District Court, including the imposition of filing restrictions. *Sieverding v. Colo. Bar Ass'n*, 2005 WL 928748 (10th Cir. Apr. 22, 2005).

Plaintiffs filed the current action against the newspaper Steamboat/Pilot/Today Newspaper/Internet Publication, the newspaper's owners WorldWest, LLC and Ralph Gage, and the newspaper's attorneys Faegre & Benson (collectively, the "defendants") on October 4, 2004.  The complaint alleges claims of "defamation per se, false light invasion of privacy, intentional interference with prospective advantage, malicious

defense/interference with right to sue, intentional infliction of emotional distress, first amendment retaliation in conjunction with the City of Steamboat Springs, (a section 1983 claim)." (Compl. p. 77-78.)  Plaintiffs' 78-page complaint describes in great detail the dispute between plaintiffs and their neighbors, the restraining order, the criminal charges, the land transfer, several newspaper articles about the same that were republished a number of times, plaintiffs' strong belief that Kay Sieverding has been, and continues to be, wrongly vilified by her neighbors and the newspapers, and Kay Sieverding's numerous communications with the newspaper and with Faegre & Benson expressing her distress at the publication and republication of the articles.

Following a hearing, United States Magistrate Judge Franklin L. Noel, in a Report and Recommendation dated January 19, 2005, recommended that plaintiffs' complaint be dismissed without prejudice for violation of Federal Rule of Civil Procedure 8(a) and Judge Nottingham's March 19, 2004 Order.  Specifically, Magistrate Judge Noel noted that Magistrate Judge Schlatter explicitly instructed plaintiffs on Rule 8's requirement that a complaint comprise a short and plain statement that provides the defendants fair notice of the claims asserted against them.   Nevertheless, plaintiffs filed a 78-page complaint in this case that includes 77 pages of fact followed by one paragraph listing the claims alleged, but providing no indication of what facts are intended to support what claims, or which claims are intended to apply to which defendants.  The Court agrees that plaintiffs' complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Furthermore, the Court agrees that, in light of the instruction and multiple

opportunities that plaintiffs received from the Colorado court, dismissal of the complaint, rather than an opportunity to amend, is warranted.

Magistrate Judge Noel also noted that plaintiffs' allegations in this case are very clearly based on the series of transactions described in the Colorado case. Plaintiffs object that the newspaper articles objected to in this case were not at issue in the Colorado case. However, Judge Nottingham's Order was not limited to the claims involved in that case. Rather, the order addressed any action or claim based on the events described in the Colorado case. The Colorado case involved the dispute between Sieverding and her neighbors and the resulting restraining order and criminal charges that are the subject of the articles plaintiffs object to in the instant matter. In describing the current case, plaintiffs quote verbatim from pleadings from the Colorado case. This Court, therefore, agrees that this action falls within the scope of Judge Nottingham's March 19, 2004 Order imposing filing restrictions on plaintiffs, and must be dismissed as a violation of Judge Nottingham's Order. *See* Fed. R. Civ. P. 41(b) (permitting dismissal for failure to comply with "any order of court"); *see also Simpson ex rel. Simpson v. Harris*, 198 F.3d 251 (8th Cir. 1999) (affirming district court's dismissal of case for failure to comply with circuit court's order).

Part of the Colorado court's reason for imposing filing restrictions on plaintiffs was the frequency, quantity, and confusing nature of plaintiffs' filings. The Court notes that in the approximately seven months since filing their complaint in this court, plaintiffs have filed no less than 38 motions, in addition to a number of other letters, responses, and objections. Even a cursory glance at these documents reveals that many are, at best,

unnecessarily verbose and confusing, or, at worst, simply frivolous. The Court, accordingly, agrees with the Colorado court that plaintiffs require the assistance of an attorney to ensure that their claims are presented coherently and according to applicable rules, and that any representation to or request of the Court rests on sound legal grounds. This will ensure that neither the Court's nor the plaintiffs' time and resources are unnecessarily wasted.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiffs' objection [Docket No. 41] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 39]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     This matter is **DISMISSED WITHOUT PREJUDICE**.

2.     Plaintiffs will be permitted to refile, but only if they are represented by counsel and counsel fully handles the case, including preparing all court documents and handling all filings.

3.     All remaining motions [Docket Nos. 13-15, 19-26, 28-40, 42, 48, 49, 51, 55-58, 72, 75, 79, 81, 85-88, 94, 96-100] are **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 23, 2003                                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                        United States District Judge